IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ASI LLOYDS, § | | |
| as subrogee of Thomas and Samil St. Onge, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 1:23-cv-00177 | |
| § | | |
| LOVING HAND MOVING AND STORAGE, § | | |
| LLC, ALL STATE RELOCATION § | **JURY DEMAND** | |
| SERVICES, LLC and MASON DULUE, § | | |
| Individually, § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff ASI LLOYDS, as subrogee of Thomas and Samil St. Onge, complaining of Defendants LOVING HAND MOVING AND STORAGE, LLC; ALL STATE RELOCATION SERVICES, LLC; and MASON DULUE, and files this its Original Complaint and in support thereof would respectfully show unto the Court as follows:

### THE PARTIES

1.      Plaintiff, ASI Lloyds, ("ASI") as subrogee of Thomas and Samil St. Onge, is an insurance company licensed and authorized to issue insurance in the State of Texas. At all times material herein, ASI had in force and effect an insurance policy insuring Thomas and Samil St. Onge for their personal property located in Wimberly, Texas.

2.      ASI's insureds, Thomas and Samil St. Onge ("Plaintiff's Insureds" or the "St. Onges'") are individuals who were residing in the State of Texas at the time of the incident made the basis of this case.

3.      Defendant Loving Hand Moving And Storage, LLC ("Loving Hand") is a New Jersey Limited Liability Corporation with its principal place of business located at 497

Broadway, Suite 7, Bayonne, NJ 07002 with an office located in Texas at 1236 Southridge Court, Ste. 105E, Hurst, Texas 76022. At all times material hereto, Defendant Loving Hand was engaged as a common carrier of goods and involved in the transport of such goods on an interstate basis. Defendant Loving Hand may be served by serving its principals:

> Loving Hand Moving & Storage, LLC
> c/o its principals:  Ramy Soliman and/or Adly Metry
> 497 Broadway, Ste. 7
> Bayonne, NJ 07002

4. Defendant All State Relocation Services ("All State") is a Texas limited liability company with its principal place of business located at 9600 Leisure Lane, McKinney, Texas 75070. Defendant All State may be served by serving its registered agent for service:

> All State Relocation Services, LLC
> c/o registered agent, Ramzi M. Arfaoui
> 9600 Leisure Lane
> McKinney, Texas  75070

5. Defendant Mason Dulue is an individual who was driving the vehicle at the time of the incident made the basis of this case.  Mason Dulue resides in the State of Iowa and may be served at his address, as follows:

> Mason Dulue
> 1121 26th Street
> Des Moines, Iowa 50311

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. Sect. 1131 and 28 U.S.C.A. Sect. 1337 as this action relates to the loss of property during shipment in interstate commerce and is therefore governed by the provisions of the Interstate Commerce Act, 49 U.S.C.A. Sect. 14706, *et. seq.* (otherwise known as "The Carmack Amendment").

7. Venue is properly laid in this district pursuant to the provisions of 28 U.S.C.A. Sect. 1391 because a substantial part of the events giving rise to the occurrence made the basis of this claim occurred within a county located within this judicial district.

## FACTUAL BACKGROUND AND ALLEGATIONS

7. Plaintiff's Insureds contacted a broker and received a quote for the packing and moving services of their personal property from Wimberly, Texas to Danby, Vermont.

8. The broker worked with Plaintiff's Insureds on a binding moving estimate which led Plaintiff's Insureds into contracting with Defendant Loving Hand, in the form of a Uniform Household Goods Bill of Lading and Freight Bill, Non-Negotiable Warehouse Receipt and Inventory, Binding Estimate of Cost, and an Order for Service with Loving Hands, all dated April 9, 2022, for the actual packing and transportation of Plaintiff's Insureds' personal contents listed therein from Wimberly, Texas to Danby, Vermont.

9. Upon information and belief, the Defendant Loving Hands packed Plaintiff's Insureds' contents in Wimberly, Texas on April 9-10, 2022. The St. Onges' packed contents were loaded onto two 20' trucks and transported to a warehouse in Austin, Texas where the contents were both transferred onto another single truck that would transport their belongings from Texas to Dandy, Vermont.

10. Upon information and belief, the Defendant Loving Hands hired the carrier, All State Relocation Services, LLC, to complete the actual transportation portion of its contract with Plaintiff's Insureds from Wimberly, Texas to Danby, Vermont.

11. Upon information and belief, Defendant Mason Dulue was driving the vehicle that was transporting the St. Onges' belongings from Wimberly, Texas to Danby, Vermont.

12. Upon information and belief, on April 18, 2022, All State's truck-tractor cab with enclosed box owned by All State's principal, Arfaoui M. Ramzi, caught fire in the enclosed box portion of the vehicle at mile marker 78 on Interstate 40 in Jackson, Madison County, Tennessee.

13. The fire caused the destruction of the Plaintiff's Insureds property being transported within the box enclosure.

14. Following the loss, the St. Onges' tendered a claim to ASI for the significant damage to their personal contents as a result of this incident. Pursuant to the terms of the insurance policy, ASI has issued payments exceeding $245,700.00.

15. At no time has Plaintiff been compensated by Defendants for the damages incurred as a result of the damage to their personal property despite demands made therefore. Defendants have refused and continue to refuse to pay Plaintiff's damages.

16. As a result of the foregoing, ASI is legally, contractually and/or equitably subrogated to the rights of its insureds, the St. Onges, and brings this claim against the Defendants to recover all amounts paid or to be paid as a result of the above-described incident.

### COUNT I:  BREACH OF CONTRACT AND DUTIES UNDER THE CARMACK AMENDMENT

17. Plaintiff incorporates the preceding paragraphs herein by reference.

18. At all times relevant hereto, the Defendants owed a duty to Plaintiff and Plaintiff's Insured to properly arrange, pack, ship, transport, and deliver the personal contents of Plaintiff's Insureds in good order and in the condition in which they were originally shipped pursuant to their obligations under the above stated contracted agreements and as a common carrier of goods for hire under 49 U.S.C.A. § 14076, otherwise known as "The Carmack Amendment." The Carmack Amendment provides as follows:

> 1.0   A carrier providing transportation or service … shall issue a receipt or bill of lading for property it receives for transportation … that carrier and any other carrier that delivers the property and is providing transportation or service … are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivery carrier or (C) another carrier …

19.   Notwithstanding said duties and in breach thereof, Defendants did not properly arrange, ship, transport or deliver the equipment in the same good order and condition as originally shipped and as required under the above named contract documents and the Carmack Amendment.

20.   The damage to the personal contents at issue was not the result of any inherent nature of the goods, nor of any Act of God, nor the acts of a public enemy, the shipper or public authority.

21.   As a direct and proximate result of the Defendants' breach of their duties, Defendants failed to make delivery of the aforementioned shipment in the same good order and condition as when originally constructed and/or received for shipment.

22.   The St. Onges and/or their insurer ASI issued notice of this claim to the Defendants within 9 months of the incident and have formally demanded that it reimburse all amounts that have been or will be paid as a result of this loss.

23.   By reason of the foregoing, Plaintiff and Plaintiff's Insureds sustained damages in an amount in excess of $245,700.00.

## COUNT II: NEGLIGENCE

24.   The foregoing paragraphs are incorporated by reference as fully set forth herein.

25.   The Defendants were acting as bailees and/or carriers, or otherwise had a duty to care for the Plaintiff's Insureds personal contents at the time they were damaged.

26. At the time of the incident, the Defendants owed a duty to exercise reasonably prudent and ordinary care in the transportation of Plaintiff's Insureds' personal belongings.

27. The Defendants acted negligently, recklessly, carelessly and/or engaged in misconduct in that the Defendants, their agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Plaintiff's Insureds' personal contents were packed, kept, confined, guarded, secured and/or protected to prevent any loss or damage.

28. Defendant Mason Dulue was an agent, servant and/or employee of Defendant All State, acting within the course and scope of his employment with Defendant All State under a theory of respondent superior.

29. Alternatively, Defendant Mason Dulue and Defendant All State were joint ventures engaged in a common purpose with a mutual right of control at the time of the incident that forms the basis of this lawsuit.

30. The Defendants negligent acts or omissions include, but are not limited to:

    a. Failing to ensure that the Plaintiff's Insureds' personal contents were packed, kept, confined, guarded, secured and/or protected to prevent any loss or damage;

    b. Failing to take reasonable and necessary precautions and safeguards to prevent the risk of damage to Plaintiff's Insureds' personal belongings; and

    c. Otherwise failing to use due care under the circumstances.

31. By reason of the foregoing, the Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $245,700.00.

## JURY DEMAND

32. Plaintiff demands that this Court empanel a lawful jury to hear the case.

## **PRAYER**

For these reasons, Plaintiff asks for judgment against the Defendants for economic damages to the personal contents insured by Plaintiff, pre-judgment and post-judgment interest, costs of suit, and all other relief as this Court may order and deem appropriate.

DATED: February 14, 2023               Respectfully submitted,

**COZEN O'CONNOR**

 /s/ *Jason S. Schulze*
JASON S. SCHULZE
SBN: 00797394 / FBN: 26005
LyondellBasell Tower
1221 McKinney Street, Suite 2900
Houston, TX 77010
jschulze@cozen.com
Phone:  832.214.3916
Fax:  832.214.3905

**ATTORNEYS FOR PLAINTIFF**